EILEEN M. DECKER
United States Attorney
LAWRENCE MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 190414
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone:  (213) 894-2727
   Facsimile:  (213) 894-7177
   E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>$205,673.00 IN U.S. CURRENCY, ET AL.,<br><br>      Defendant.<br><br>WAJIHA SIDDIQUI, EFAZ SIDDIQUI, AQUAMARINE WHOLESALE, INC., GREEN HEALING, INC., MARINA PAPOYAN, SUREN OGANESYAN, AND SUZA, INC.<br><br>      Claimants. | NO.  CV 11-7857 BRO (PJWx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

1

Plaintiff and Claimants Wajiha Siddiqui, Efaz Siddiqui, Aquamarine Wholesale, Inc., Green Healing, Inc., Marina Papoyan, Suren Oganesyan, and Suza, Inc. ("Claimants") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.  The defendant assets were seized from Claimants, and they assert an interest in the defendant assets and have filed claims in this case and have answered the complaint.  No other claims or answers were filed, and the time for filing claims and answers has expired.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

1.   The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.  Claimants have filed claims and answers to contest the forfeiture of the defendant assets.  No other claims were filed, and the time for filing claims and answers has expired.  This Court has jurisdiction over the parties to this judgment and the defendant assets.  Any potential claimants to the defendant assets other than Claimants are deemed to have admitted the allegations of the complaint with respect to the defendant assets.

$51,360.51 of the defendant assets shall be returned to Claimants.

The United States shall return the above-listed assets in Paragraph 2 not later than 45 days after (a) the court enters

this Consent Judgment and (b) Claimants provide to the government the bank routing and personal identifiers needed to effect a wire transfer of any returned funds, whichever is later.  If the United States elects to make the payment by check, the check will be payable to "The Thomas A. Turner, Jr., Esq. Client Trust," and mailed to Claimants, in care of their attorneys, Thomas A. Turner, Jr. and John T. Cavan, 11377 W. Olympic Boulevard, Los Angeles, CA  90064.  If the United States elects to make the payment by wire transfer, the funds will be wire transferred to a "Thomas A. Turner, Jr., Esq. Client Trust."

  3. The following defendant assets shall be forfeited to the United States, and no other right, title or interest shall exist therein.  The Government shall dispose of the following according to law:

    a. $490,724.05.

  4. Claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant assets and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of Claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. Claimants have waived any rights they may have to seek remission or mitigation of the forfeiture.

5. The court finds that there was reasonable cause for the seizure of the defendant assets and the institution of this action as to the defendant assets pursuant to 28 U.S.C. § 2465(a)(2). This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465(a)(2) as to the defendant assets.

6. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant assets.

DATED: March 9, 2017



_____
THE HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT JUDGE

Prepared by:

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section